JOURNAL ENTRY AND OPINION
This case came to be heard on the appeal of the defendant-appellant, Mitchell Patterson, (hereinafter "appellant") from his plea of guilty in Cuyahoga County Court of Common Pleas Case No. 347153 to one count of possession of crack cocaine in an amount of more than five grams, but less than ten grams, in violation of R.C. 2925.11, and the sentence of the trial court.[1]
On March 25, 1997, the appellant, represented by counsel, entered a plea of guilty to the above-referenced count of drug possession. At the time of the plea, the trial court agreed to reduce the appellant's bond to a personal bond so that the appellant could remain free pending sentencing. The appellant's attorney and the prosecutor indicated to the court that the appellant might possibly work for the police as an informant during the time that he was out on personal bond. At the time of the sentencing the prosecutor stated on the record that there was to be a three year agreed upon sentence in exchange for the plea, provided that the appellant not "screw up" while out on bond, and provided that the appellant appear for sentencing, which had been set for April 30, 1997. In fact the appellant did not appear for sentencing, and he does not appear to have cooperated with law enforcement authorities while he was out on bond. When appellant failed to appear for sentencing a capias was issued for his arrest by the trial court. After appellant was arrested, he appeared before the court on June 10, 1997, once again represented by counsel, albeit different counsel than had represented him at his guilty plea. Although the appellant had filed a Motion to Withdraw Guilty Plea just prior to his appearance on June 10, 1997, at the sentencing hearing he agreed to withdraw this motion, prior to it being ruled upon by the court. The court then proceeded to sentence the appellant to a term of five years actual incarceration. The appellant submits five assignments of error for this court's review. The first assignment of error states:
 APPELLANT'S GUILTY PLEA WAS NOT "KNOWING AND VOLUNTARY" AND WAS NOT IN SUBSTANTIAL COMPLIANCE WITH CRIMINAL RULE 11 (C) (2) (a) BECAUSE THE COURT FAILED TO INFORM THE APPELLANT, PRIOR TO ACCEPTING HIS PLEA, THAT HE INELIGIBLE FOR PROBATION.
The appellant contends that his guilty plea was not "knowing and voluntary" because the trial court did not expressly inform him on the record that the offense to which he entered a plea of guilty was not probationable.
A reviewing court will not vacate a guilty plea if it determines that the trial court substantially complied with Crim.R. 11 (C). State v. Harris (December 11, 1997), Cuyahoga App. No. 71897, unreported. In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated:
 Ohio Crim.R. 11 (C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review * * * Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights that he is waiving * * * [W]here the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11 (C) (2) (a), the trial court's acceptance of the defendant's guilty plea to a nonprobationable crime * * * without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. Id. at 107-108.
The transcript of the plea proceedings in the instant case is replete with evidence that the appellant understood all of the consequences of his plea and knew that he was not eligible for probation. At the time of the plea the prosecutor stated "[w]e anticipate a plea of guilty to count four in that case which is a felony of the third degree carrying with it a mandatory sentence of between 1 and 5 years flat time." The trial judge asked the appellant if he understood that per the terms of the agreement the court would be required to order a term of incarceration of three years, to which the appellant responded in the affirmative. Also, both the prosecutor and the appellant made repeated references to the fact that the plea bargain called for an agreed upon sentence of three, years. There is simply no credible evidence in the record whatsoever to suggest that the appellant was not fully aware of the fact that his agreed upon plea was to a nonprobationable offense, or that he was going to be incarcerated for a period of three years as a condition of the plea agreement. Thus, there was no prejudice to the appellant by way of the trial court's failure to strictly comply with the dictates of Crim.R. 11 (C). This assignment of error is overruled.
The appellant's second assignment of error states:
 APPELLANT'S GUILTY PLEA WAS NOT "KNOWING AND VOLUNTARY" AND WAS NOT IN COMPLIANCE WITH R.C. 2943.032 BECAUSE THE COURT FAILED TO INFORM APPELLANT THAT HE WOULD BE SUBJECT TO POST-RELEASE CONTROL[2] AT THE END OF HIS SENTENCE.
R.C. 2943.032 requires that a trial court, prior to accepting a plea of guilty, inform the defendant that if the defendant pleads guilty and if the court imposes a prison term, the prison term may be extended administratively by a period of time of up to 50% of the original sentence. The trial court in this case, prior to accepting the appellant's guilty plea, posed the following question to the appellant:
 Do you understand if the court sentenced you to a period of incarceration and while incarcerated you commit additional crimes or offenses, that the parole board * * * could increase the time given by up to fifty percent?
The appellant responded that he did in fact understand that his prison term could be extended for acts committed in prison, as outlined by the trial court. When dealing with waiver of nonconstitutional elements mandated by rule or by statute, the trial court need only substantially comply with the rule or statute. State v. Ballard, 66 Ohio St.2d at 473, 478. In State v.Griffin (July 24, 1998), Hamilton Cty. App. Nos. C-970507, 970527, unreported, the court held that a trial court need only substantially comply with the strictures of R.C. 2943.032, so long as no prejudice inures to the detriment of the defendant. In the instant case, the trial court clearly communicated to the appellant that his period of incarceration could be administratively increased for additional criminal offenses committed during the course of the appellant's prison term. Therefore, this court holds that the trial court fully complied with the mandates of R.C. 2943.032. This assignment of error is overruled.
The appellant's third assignment of error states:
 WHEN COUNSEL FAILED TO CORRECT THE COURT'S MISUNDERSTANDING OF THE TERMS OF A PLEA BARGAIN AGREEMENT, FAILED TO OBJECT TO AN INCOMPLETE DIALOGUE UNDER CRIM.R. 11 (C) (2), FAILED TO INFORM APPELLANT THAT HE WAS PLEADING TO A NONPROBATIONABLE OFFENSE, FAILED TO MOVE THE COURT TO WITHDRAW THE DEFECTIVE PLEA AFTER SENTENCING, AND FAILED TO OBJECT TO AN IMPROPER SENTENCING PROCEDURE, APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTY AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
There is absolutely no evidence in the record that the trial court misunderstood the terms of the plea bargain. To the contrary, the transcript of the appellant's guilty plea indicates that the trial judge, the prosecutor, the appellant's attorney and the appellant were fully aware of the terms of the plea bargain. In return for his guilty plea to one count of possession of crack cocaine, the appellant would serve a prison term of three years. The court also agreed to modify the appellant's bond so that he could potentially work as a law enforcement informant, with the understanding that if the appellant failed to show for sentencing his prison term might be extended. All of these terms of the plea bargain were clearly and completely explained to the appellant, who indicated that he fully understood the plea bargain and was voluntarily entering a plea of guilty. Given the potential term of imprisonment that would have been facing the appellant if he had been found guilty on all of the counts in all of the cases he had pending before the trial judge, it can be fairly said that the terms of the plea bargains as outlined by the trial judge and the prosecutor were very favorable to the appellant. The appellant was fully apprised of the potential consequences of his not appearing for sentencing, but he nonetheless willfully chose to violate the terms of his personal bond and to not attend his sentencing. For the appellant to now contend that he was somehow a victim of a unilateral change in the terms of the plea bargain he voluntarily entered into, is both disingenuous and nonsensical.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The appellant has not demonstrated in the instant case that, but for the ineffective assistance of counsel, he would not have agreed to plead guilty to a single count of possession of crack cocaine. The record indicates that the appellant was ably represented at all stages of these proceedings and fully understood consequences of his plea of guilty, as well as the potential consequences of his failure to appear for sentencing. Therefore, this assignment of error is found to be without merit and is overruled.
Assignments of error four and five have a common basis in law and fact, and will thus be jointly addressed:
 IV. THE TOTALITY OF THE CIRCUMSTANCES SUGGEST THAT APPELLANT WAS DEPRIVED OF DUE PROCESS BY A PLEA THAT WAS NOT VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY MADE WHEN THE COURT TOLD APPELLANT PRIOR TO PLEADING THAT HIS PLEA WOULD "REQUIRE" THE COURT TO IMPOSE THE AGREED UPON SENTENCE, WHEN THE COURT WAS NOT REALLY BOUND BY THE AGREED SENTENCE AND DID NOT IMPOSE IT.
 V. THE COURT ERRED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS BY SELECTIVELY ENFORCING THE PLEA AGREEMENT, RATHER THAN NULLIFYING IT, AFTER APPELLANT FAILED TO APPEAR AT SENTENCING.
Prior to sentencing, and after he had been picked up on a capias for failing to appear at trial, the appellant filed a Motion to Withdraw Guilty Plea. The appellant then voluntarily withdrew his motion prior to sentencing, after having been forewarned at the time of the plea that the state and the court would not consider themselves bound by the agreed upon term of three years if he failed to appear for sentencing. Given the myriad of different charges from four different indictments facing the appellant, and the very real prospect of a lengthy prison term if convicted on multiple counts, it was most likely in the best interests of the appellant not to see through his attempt to withdraw his plea, even with the realization that his own foolish actions in failing to appear for sentencing would result in an increased prison term.
In State v. Griggs (February 8, 1996), Cuy. App. No. 67944, unreported, this court held:
 When a trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea, the court does not abuse its discretion when it imposes a sentence greater than that forming the inducement for the defendant to enter the plea.
In the case sub judice, the trial court forewarned the defendant that it would not consider itself bound by the terms of the plea agreement if the appellant violated the conditions of his personal bond and did not appear for sentencing. Additionally, it was brought to the court's attention in the interim period between the appellant's plea and sentencing, that the appellant had mischaracterized the nature and extent of his prior criminal record. Nonetheless, the appellant decided it was in his best interests to withdraw his Motion to Withdraw Guilty Plea and to allow himself to be sentenced on the single count to which he had already plead guilty.
These assignments of error are overruled.
The appellant's sixth and final assignment of error states:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT WITHOUT COMPLYING WITH R.C. 2929.19 (B) (3), WHICH REQUIRED THE COURT TO NOTIFY HIM THAT HE IS SUBJECT TO THE POST-CONVICTION (SIC) CONTROL PROVISIONS OF R.C. 2967.28.
R.C. 2929.13 (B), which was part of the comprehensive new sentencing scheme which became effective July 1, 1996 known as S.B. 2, provides:
 (3) Subject to division (B) (4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 (d) * * * notify the offender that a period of post-release control pursuant to Section 2967.28 of the Revised Code may be imposed following the offender's release from prison.
 (e) Notify the offender that, if the period of post-release control is imposed following the offender's release from prison, as described in division (B) (3) (c) or (d) of this section, and if the offender violates a post-release control sanction imposed as a component of the post-release control * * *, all of the following apply:
 (i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 (ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 (iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 (iv) if the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation.
In the instant case, the state "agrees that the appellant is entitled to a new hearing for the limited purpose of notification in accordance with R.C. 2929.19." In accord with State v. Davis
(June 18, 1998), Cuyahoga App. No. 72820, unreported, this assignment of error is well-taken and we remand the matter for resentencing in accordance with the requirements of R.C. 2929.19
(B) (3)
Affirmed in part, reversed in part and remanded for resentencing.
Costs assessed against defendant-appellant.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded for notification hearing and thereafter, court to execute sentence.
A certified copy of this entry shall constitute the pursuant to Rule 27 of the Rules of Appellate Procedure
DYKE, P.J., and SWEENEY, JAMES D., J. CONCUR.
[1] In addition to his plea in Case No. 347153 on March 25, 1997, the appellant plead guilty to eleven other counts that arose out of three other separate cases on the same day. Pursuant to this court's order of April 16, 1999, this appeal will only address issues arising out of Case No. 347153. At the trial court level Case Nos. 347153, 344845 and 346071 were consolidated. The appellant also plead guilty to a one count indictment in Case No. 350421 on June 10, 1997, the same day that he was ultimately sentenced in the within case.
[2] The appellant apparently misconstrues R.C. 2943.032 as being applicable to "post-release control." R.C. 2929.(B)(3)(d) and R.C. 2967.28 (C) are the relevant provisions which govern post-release control where the offender, as was the case here, is being sentenced for a felony of the third degree that did not involve the commission of a sex offense or physical harm or threat of physical harm against a person. R.C. 2943.032 requires that a court advise a defendant of the possible administrative extension of a prison term prior to accepting a plea of guilty or no contest.